# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY HOLMES, | CASE NO. 1:11-cv-01853 GSA PC |
| Plaintiff, | ORDER SEVERING DEFENDANTS |
| v. | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| DR. CAMPBELL, et al., | WITHIN THIRTY DAYS |
| Defendants. / | AMENDED COMPLAINT DUE IN THIRTY DAYS |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at CSP Corcoran, brings this civil rights action against individuals employed by the CDCR at the California Correctional Institution at Tehachapi. The events that give rise to this lawsuit occurred while Plaintiff was housed at CCI Tehachapi and Salinas Valley State Prison. Plaintiff names the following individual defendants at CCI Tehachapi: Dr. Campbell, M.D.; Dr. Nissani, M.D.; Dr. Grim, M.D.; Dr. Clark, M.D. Plaintiff names Dr. Rhoads, M.D. and Dr. Sepulveda, M.D., CDCR employees at Salinas Valley State Prison. Plaintiff claims that he has been subjected to inadequate medical care such that it violates the Eighth Amendment's proscription of cruel and unusual punishment.

**A.     Salinas Valley Defendants**

Plaintiff names as defendants Dr. Rhoads and Dr. Sepulveda, employees of the CDCR at Salinas Valley State Prison. The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any

defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Neither Dr. Rhoads nor Dr. Sepulveda reside in this district. The claims against Dr. Rhoads and Dr. Sepulveda arose in Monterey County, which is in the Northern District of California. Therefore, plaintiff's claim against Dr. Rhoads and Dr. Sepulveda should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, the Court will direct the Clerk's Office to transfer Plaintiff's claims against Dr. Rhoads and Dr. Sepulveda to the Northern District.

**B.    Tehachapi Defendants**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that, while incarcerated at Tehachapi in March of 2008, he was diagnosed with impingement syndrome in his right shoulder and a suspected tear of his rotator cuff. A chest x-ray at an outside medical facility revealed a possible mass in his lung. Plaintiff alleges that

1  "CDCR was advised an MRI was necessary of Plaintiff's lungs." (Compl. 3:5.)  On May 21, 2008,
2  Plaintiff underwent shoulder surgery at the outside medical facility.  Plaintiff alleges that he was not
3  informed by any CDCR official about the possible mass in his lung.  Plaintiff did not learn of the
4  mass until September 29, 2011, when doctors at CSP Corcoran reviewed his file.  Plaintiff alleges
5  that the CDCR never provided the MRI that was recommended, and that "all CCI Tehachapi doctors
6  were aware of Plaintiff's condition."  Plaintiff alleges that at all times he was suffering excruciating
7  pain in his right shoulder.  Plaintiff alleges that he continues to suffer.

8  Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff sets forth specific
9  allegations regarding his condition, and identifies individual defendants.  To state a claim under
10 section 1983, however, Plaintiff must allege that (1) the defendants acted under color of state law
11 and (2) the defendants deprived him of rights secured by the Constitution or federal law.  Long v.
12 County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  "A person deprives another of a
13 constitutional right, where that person 'does an affirmative act, participates in another's affirmative
14 acts, or omits to perform an act which [that person] is legally required to do that causes the
15 deprivation of which complaint is made.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
16 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection
17 can be established not only by some kind of direct, personal participation in the deprivation, but also
18 by setting in motion a series of acts by others which the actor knows or reasonably should know
19 would cause others to inflict the constitutional injury.'"  Id. (quoting Johnson at 743-44).

20 Plaintiff may not hold all defendants liable by alleging that medical staff, or the CDCR in
21 general, should have known of his condition.   In order to hold an individual defendant liable,
22 Plaintiff must name the individual defendant, describe where that defendant is employed and in what
23 capacity, and explain how that defendant acted under color of state law.  Plaintiff should state
24 clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by*
25 *name*, did to violate the particular right described by Plaintiff.  Plaintiff has failed to do so here.

26 **III.    Conclusion and Order**

27 The Court has screened Plaintiff's complaint and finds that it does not state any claims upon
28 which relief may be granted under section 1983.  The Court will provide Plaintiff with the

4

1 opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The claims against Dr. Rhoads and Dr. Sepulveda are severed from this action;
2. The Clerk's Office shall forward to the U. S. District Court for the Northern District of California the complaint filed November 7, 2011;
3. The claims as to the Tehachapi defendants will proceed in this action;
1. The claims against the Tehachapi defendants are dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended

1 complaint; and

2. 5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 19, 2013**                    **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE