UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY HOLMES,<br><br>            Plaintiff,<br><br>     vs.<br><br>DR. CAMPBELL, et al.,<br><br>            Defendants. | 1:11-cv-01853-GSA-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983 (Doc. 11.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE THIS CASE |

**I.     BACKGROUND**

Rocky Holmes ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on November 7, 2011. (Doc. 1.)

On November 21, 2011, Plaintiff consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of

1  California, the undersigned shall conduct any and all proceedings in the case until such time as
2  reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).
3        On April 19, 2013, the Court dismissed Plaintiff's Complaint for failure to state a claim,
4  with leave to amend.[1]  (Doc. 10.)  On May 10, 2013, Plaintiff filed the First Amended
5  Complaint, which is now before the Court for screening.  (Doc. 11.)

6  **II.     SCREENING REQUIREMENT**

7        The court is required to screen complaints brought by prisoners seeking relief against a
8  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).
9  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are
10 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or
11 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
12 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
13 paid, the court shall dismiss the case at any time if the court determines that the action or
14 appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

15       A complaint is required to contain "a short and plain statement of the claim showing
16 that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are
17 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
18 conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937,
19 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955
20 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge
21 unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
22 (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual
23 matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S.
24 at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.
25 ///

26 ———————————————
27 [1] The Court's order of April 19, 2013 severed Plaintiff's claims against defendants Dr. Rhoads and Dr.
28 Sepulveda from this action for lack of venue and transferred those claims to the United States District Court for the Northern District of California.  (Doc. 10 at 5.)  Plaintiff's remaining claims were then dismissed for failure to state a claim under § 1983, with leave to amend.  (Id.)

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.  SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is a prisoner in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently incarcerated at Corcoran State Prison in Corcoran, California.  The events at issue in the First Amended Complaint allegedly occurred at the California Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants Dr. Campbell, Dr. Nisanni, Dr. Grimm, and Dr. Clark (collectively "Defendants").  All of the named defendants were doctors employed by the CDCR and working at CCI at the time of the events.  Plaintiff's factual allegations follow.

In 2007, Plaintiff began suffering severe pain in his right shoulder.  Plaintiff received an MRI examination and was diagnosed by Dr. Child [not a defendant] with bursitis.  On March 12, 2008, Orthopedic Specialist Dr. Lewis [not a defendant] diagnosed Plaintiff with impingement syndrome of the right shoulder, a partial tear of the right rotator cuff, and AC joint cartilage disorder.  Dr. Lewis ordered surgery and an MRI exam of Plaintiff lungs to rule out a possible mass.  On or about May 21, 2008, Plaintiff had surgery on his right shoulder.  During the surgery, Dr. Lewis found that Plaintiff did have a partial tear of his rotator cuff.

In August or September 2008, the pain in Plaintiff's right shoulder increased.  On October 16, 2008, Dr. Clark ordered ten sessions of physical therapy for Plaintiff.  The physical therapy failed to decrease Plaintiff's pain or help him in any way.

On or about January 6, 2009, Plaintiff saw Dr. Nisanni.  Plaintiff explained that surgery had failed and the medication he was taking did not work.  Dr. Nisanni failed to do anything to help Plaintiff.

On January 19, 2009 and March 25, 2009, Plaintiff was seen by Dr. Grimm and told the doctor that surgery had failed and the pain medication he was taking did not relieve his pain.

///

Plaintiff also told Dr. Grimm, on March 25, 2009, that the physical therapy had failed to help him.

Plaintiff continued to submit written requests for medical care, complaining of his shoulder pain. On June 11, 2009, Plaintiff was seen by Dr. Campbell and complained that he was not receiving appropriate pain relief for his shoulder. Plaintiff told the doctor that surgery and physical therapy had not helped him. Dr. Campbell refused to do anything for Plaintiff.

Plaintiff ultimately required another orthoscopic surgery, which also failed, but Plaintiff was given Methadone for his pain. Methadone is a heavy-duty narcotic and has relieved the pain significantly.

Plaintiff requests monetary damages and injunctive relief.

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A. Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the

defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment. Id. at 1060.  "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .
///

that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Plaintiff has demonstrated that he had a serious medical need because he suffered from a medical condition that caused him severe pain in his shoulder. However, Plaintiff fails to allege facts showing that any of the defendants were deliberately indifferent to those needs. Plaintiff fails to show that any of the defendants acted or failed to act while deliberately disregarding a substantial risk of harm to Plaintiff. Plaintiff alleges, at most, a difference of opinion between Plaintiff and medical officials about his treatment, which does not state an Eighth Amendment medical claim. Therefore, Plaintiff fails to state a cognizable claim for inadequate medical care under the Eighth Amendment.

### B. Negligence Claim

Plaintiff also brings a claim for negligence, which is a state tort claim. Plaintiff is informed that violation of state tort law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's claim for negligence fails.

### V. CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the defendants which state a claim under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

///

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **February 19, 2014**                       **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE